DECISION
Plaintiff has appealed Defendant's $500 penalty, which Defendant imposed because Plaintiff submitted two dishonored tax payments in 2008. The November 24, 2008, case management conference was converted to a trial at the request of the parties. Plaintiff appeared on his own behalf. Defendant was represented by Laurie Fery (Fery), an auditor with the Department of Revenue.
 I. STATEMENT OF FACTS
The tax year at issue is 2007. Plaintiff, who is retired, electronically submitted his 2007 state income tax return, which was received by Defendant on June 13, 2008. The return reported estimated payments of $5,362, and requested a refund of $283.
Prior to submitting his return, Plaintiff made several attempts to pay his 2007 liability. After making two estimated payments, one in July 2007, and another in January 2008, Plaintiff mailed Defendant a check (#1104) in the amount of $3,962, on or about April 15, 2008, which Defendant received two days later, on April 17. The check was written on Plaintiffs Fidelity "investment account." Within the next few weeks, Defendant was notified by the financial institution (Fidelity) that there were insufficient funds in the account to honor Plaintiffs payment *Page 2 
request.[1] On May 22, 2008, Defendant sent Plaintiff written notification that his check had been returned by Fidelity for non-sufficient funds.
Shortly thereafter, on May 30, 2008, Plaintiff attempted to rectify the matter by making an electronic payment to Defendant in the amount of $3,962 (which matches the amount of the earlier dishonored check). Defendant subsequently discovered that there were insufficient funds to cover the electronic payment, and, on July 8, 2008, sent Plaintiff notification to that effect. Because that made Plaintiff's second dishonored payment to Defendant within two years, as provided in Defendant's administrative regulation, Defendant imposed a $500 penalty. Defendant issued a notice to that effect (titled Notice of NSF Check Penalty) to Plaintiff on September 4, 2008.
Meanwhile, on June 5, 2008, Defendant received another $3,962 payment from Plaintiff. That payment was made by check and was honored by the financial institution (Fidelity). Other factual events related by the parties are not recited in this Decision because they do not bear on the outcome.
 II. ANALYSIS
ORS 305.228[2] provides in relevant part as follows:
 "(1) The Department of Revenue shall assess a penalty against any person who has previously tendered a dishonored check, draft, order or electronic funds transfer for the payment of any amount collected by the department and who subsequently makes and tenders to the department any * * * electronic funds transfer for the payment of any tax * * * that is dishonored by the drawee for the following reasons:
 "(a) Lack of funds[.]
 "* * * * *Page 3 
 "(2) The amount of the penalty assessed under subsection (1) of this section shall be equal to the greater of $25 or three times the amount of the dishonored check, draft, order or electronic funds transfer. The amount of the penalty shall not be greater than $500."
ORS 305.228(1)(2) (emphasis added).
The department has promulgated an administrative rule that requires a penalty on a dishonored check if there is the tender of at least two dishonored payments within two years. See OAR 150-305.228(2). Plaintiff tendered two dishonored payments in less than two months. Accordingly, Defendant was legally required to impose the $500 penalty.
Plaintiff acknowledges that the imposition of the fee was legally appropriate, but believes that the facts involved warrant some relief. Plaintiff asks that the Court reduce the penalty to $100.
ORS 305.228(4) authorizes the Department to waive or reduce the penalty in certain limited circumstances. The statute provides:
 "(4) The department may waive all or any part of the penalty assessed under this section on a showing that there was a reasonable basis for tendering the check, draft, order or electronic funds transfer." (Emphasis added.)
The department has promulgated an administrative rule that defines the term "reasonable basis." OAR 150-305.228(5). Both the statute and the rule make clear that the determination is to be made by the department, and that the department's determination is discretionary (under the statute — ORS305.228(4), "[t]he department may waive all or any part of the penalty * * *," and, under the rule — OAR 150-305.228(5), "[t]he departmentmay waive all of the penalty if * * *.") Accordingly, Plaintiff should have made his request for waiver to the department and, if unsuccessful, filed an appeal with the magistrate division of the Tax Court. The court's review of the department's decision would be limited to determining whether it abused its discretion. However, Plaintiff appealed directly to the magistrate division and, for *Page 4 
purposes of efficiency, the court will determine whether the penalty should be waived or reduced.[3]
The standard for waiver provided in the department's rule provides:
 "(5) The department may waive all of the penalty if reasonable basis exists. "Reasonable basis' means any situation in which circumstances beyond the taxpayer's reasonable ability to control resulted in the refusal to honor the check. In determining reasonable basis for waiving the penalty the department will examine all facts and circumstances. Examples of reasonable basis for waiver include, but are not limited to:
 "(a) The bank returns the check to the payee in error.
 "(b) The taxpayer issues a stop payment order for presumably lost or stolen checks that are later located and processed."
OAR 150-305.228(5) (emphasis added).
According to Plaintiff's written statements and sworn testimony, the reason the payment requests were denied by the financial institution was that, although Plaintiff honestly believed there were sufficient funds in the account at the time payment was tendered, Plaintiff had recently retired and opened up the new "investment account," and was unfamiliar with how to read Fidelity's account statements. The funds in Plaintiff's Fidelity investment account are apparently transferred by Plaintiff from one of his other bank accounts. Plaintiff insists he did not intend to attempt a payment on an account that he knew did not have sufficient funds to cover the amount tendered. Plaintiff contends that there are delays in the posting of funds he transfers to his Fidelity account, and that these delays are longer than the delays at his other bank. Those delays presumably triggered Fidelity's refusal to honor the payment request. Finally, the parties agree that Plaintiff has a good history of timely payment of his state income taxes prior to the year in question, and that he has not previously tendered a dishonored payment. *Page 5 
The court accepts the above facts as true. Nonetheless, they are not "circumstances beyond [Plaintiff's] reasonable ability to control." OAR 150-305.228(5). Accordingly, the court sees no reason or justification for waiving or reducing the $500 penalty. If the rule were more broadly worded to allow consideration of a prior history of timely payments and other factors, waiver may be appropriate, as Plaintiff's two "offenses" occurred in close proximity to each other and the court is persuaded that Plaintiff honestly did not intend to "pay" from an account with insufficient funds. However, the court is not free to determine whether a penalty should be waived, but must instead apply the applicable rules and regulations. Fery indicated that the department would have denied Plaintiff's request if the matter had been brought to the department instead of the court.[4]
 III. CONCLUSION
The court concludes that Defendant was legally required to impose the $500 NSF penalty provided in ORS 305.228, and that Plaintiff is not entitled to a waiver or reduction of the penalty because he does not satisfy the provisions in ORS 305.228(4) and OAR 150-305.228(5). Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiffs request for a waiver of the $500 NSF penalty is denied.
Dated this _____ day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Robinson on December 12, 2008.The Court filed and entered this document on December 12, 2008.
[1] Although the court uses the term "request," it understands that a check drawn on a financial institution is a demand that the institution pay the funds to the party presenting the negotiable instrument (check).
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Fery advised the court during the November 24, 2008, proceeding, that she felt the penalty was properly imposed and that Plaintiff's circumstances did not establish a reasonable basis for waiving or reducing the penalty.
[4] The court understood Fery to state during the November 24, 2008, proceeding, that the NSF penalty statute had no specific appeal rights, and that Plaintiff's only course of action was to appeal to the Tax Court as provided in ORS 305.280(1). That assertion came as part of a discussion initiated by the court about its jurisdiction; the court opining that the statute and accompanying regulation provide for a taxpayer to submit a request to the department, with the taxpayer seeking a determination from the department of whether there exists a "reasonable basis" for waiver. As the court explains in the body of its Decision, an adverse decision by the department can be appealed to the magistrate division of the Tax Court, as provided in ORS 305.275(1) and ORS 305.280(1). The court's review in such circumstances is limited to an abuse of discretion. *Page 1